**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| **v.** | * | **Crim. No. MJM-97-175** |
| | * | |
| **PRESTON WEST,** | * | |
| | * | |
| **Defendant.** | * | |

* * * * * * * * * *

**MEMORANDUM OPINION**

On February 6, 1998, a jury found defendant Preston West ("West") guilty of conspiracy to commit murder in aid of racketeering activity, conspiracy to distribute cocaine, and possession with intent to distribute cocaine. On April 29, 1998, the Court imposed concurrent prison sentences totaling 480 months. ECF No. 121. On March 31, 2025, West filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion for Compassionate Release"). ECF No. 288. The motion is fully briefed. No hearing is necessary to resolve the motion. Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, the Court shall deny the Motion for Compassionate Release.

## I. BACKGROUND

West was a leader within a cocaine trafficking organization that operated in Baltimore, Maryland in the mid-1990s, when West was in his early 30s. ECF No. 297 (Presentence Report ("PSR")) at 4. During that period, a member of the organization murdered another member, and then West ordered the shooting of another individual to prevent him from testifying about the murder. *Id.* at 4–5.

On May 14, 1997, a grand jury returned an Indictment against West and four co-defendants, charging West in five of the eight counts. ECF No. 1. West was arrested on June 19, 1997, and has

remained in custody since that date. *See* ECF No. 297 at 1. The case proceeded to trial on a Redacted Indictment containing four counts against West.[1] Following trial, on February 6, 1998, West was convicted of conspiracy to commit murder in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(5) (Count One), conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (Count Two), and two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(b)(1)(C) (Counts Three and Four). ECF Nos. 105 & 121.

The matter proceeded to sentencing before the Honorable Frederic N. Smalkin on April 29, 1998. Based on these offenses and multiple prior convictions for robbery reflected in his criminal history, West was determined to be a Career Offender under Chapter 4 of the United States Sentencing Guidelines. ECF No. 297 at 6. While the Indictment did not charge any specific drug quantity in connection with any of the drug trafficking counts, and the jury did not make any finding as to drug quantity, Judge Smalkin found that "the cocaine amount for which [West] was responsible was between 50 and 150 kilograms[.]" *West v. United States*, 123 F. Supp. 2d 845, 846 (D. Md. 2000), *aff'd*, 5 F. App'x 192 (4th Cir. 2001). This finding raised the statutory maximum penalty for Count Two from 20 years to life imprisonment, *id.*, and resulted in a guidelines imprisonment range of life, *see* ECF No. 297 at 3, 7–8. Judge Smalkin ultimately sentenced West to 120 months for Count One, 480 months for Count Two, 240 months for Count Three, and 240 months for Count Four, to run concurrently for a total prison sentence of 480 months. ECF No. 121.

West's convictions and sentences were affirmed on appeal. *See United States v. West*, 187 F.3d 633 (4th Cir. 1999). Specifically, among other findings, the U.S. Court of Appeals for the

---

[1] Count Two in the original Indictment was dismissed orally on February 4, 1998. Counts Three, Five, Six, and Seven of the original Indictment were ultimately re-numbered One, Two, Three, and Four, respectively, for purposes of trial. *See* ECF No. 104.

Fourth Circuit found that "the district court did not clearly err in calculating the amount of drugs attributable to West." *Id.*

On November 30, 2000, West filed a 28 U.S.C. § 2255 motion to vacate, ECF No. 170, which the Court denied and dismissed, ECF Nos. 171 & 172; *see also West*, 123 F. Supp. 2d at 846–47. In his § 2255 motion, West challenged his sentence for Count Two under the U.S. Supreme Court's then-recent decision in *Apprendi v. New Jersey* that due process requires any fact that increases the statutory maximum penalty (except "the fact of a prior conviction") to be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. 466, 490 (2000). While acknowledging that the jury at West's trial did not make any drug quantity finding, and that West's sentence for Count Two was based on the Court's drug quantity finding at sentencing, Judge Smalkin rejected West's challenge because he found that the *Apprendi* holding did not retroactively apply to West's case. *West*, 123 F. Supp. 2d at 846–47; *see also United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001) ("*Apprendi* does not apply retroactively to cases on collateral review.").

The Fourth Circuit affirmed the denial and dismissal of West's § 2255 motion on appeal. *See United States v. West*, 5 F. App'x 192 (4th Cir. 2001). The court held that West was "foreclosed from raising [his *Apprendi*] claim for the first time in a § 2255 action, unless he can demonstrate cause and prejudice to excuse his failure to raise this constitutional claim on direct appeal, or that he is actually innocent." *Id.* at 192 (citing *United States v. Frady,* 456 U.S. 152, 167–68 (1982)). West did not claim actual innocence and could not show prejudice because "the sentence imposed does not exceed the total punishment mandated by the sentencing guidelines." *Id.* at 192–93 (citing *United States v. White*, 238 F.3d 537 (4th Cir. 2001)). In *White*, the Fourth Circuit recognized that, "[i]n the case of multiple counts of conviction, the guidelines instruct that if the total punishment mandated by the guidelines exceeds the highest statutory maximum, the district court must impose

consecutive terms of imprisonment to the extent necessary to achieve the total punishment." 238 F.3d at 543 (citing U.S.S.G. § 5G1.2(d) (2000)). Here, West could not show prejudice based on any *Apprendi* violation because his total prison sentence of 480 months did not exceed his guidelines sentence, and the sentencing court could have imposed the same total 480-month sentence consistently with *Apprendi* by imposing consecutive sentences among West's multiple counts of conviction. West's multiple subsequent motions for post-conviction relief were also denied and rejected on appeal. *See* ECF Nos. 203, 204, 213, 228, 232, 234; *United States v. West*, 55 F. App'x 209 (4th Cir. 2003).

West is presently designated to Federal Correctional Institution ("FCI") Cumberland in Cumberland, Maryland. His release date is projected to be March 5, 2032. ECF No. 295 at 14; ECF No. 304 at 2.[2]

In spring 2025, West submitted a request for compassionate release to the warden, which was denied. ECF No. 288 at 3. On March 31, 2025, West filed a *pro se* motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 288. On April 23, 2024, West, through counsel, filed a supplement to the motion. ECF No. 295. On July 6, 2026, the United States (the "Government") filed a response in opposition to the motion. ECF No. 304. On July 21, 2026, West, through counsel, filed a reply to the Government's opposition. ECF No. 306.

[2] West has "earned the maximum amount of First Step Act credits (365 days) that will be applied to his early release towards supervision." ECF No. 295 at 14. West has also "earned 1,330 conditional placement days[,]" which can be applied to a halfway house and may move his release date to July 14, 2028. *Id.* His counselor recommends "he be reviewed and recommended under the Second Chance Act for an additional 365 days of time in a halfway house[,]" which, if there were available community resources, could move his release date to "community custody around July 2027." *Id.*

## II. LEGAL STANDARD

Generally, a court may not "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024). There are, however, "a few narrow exceptions" to this "rule of finality." *Freeman v. United States*, 564 U.S. 522, 526 (2011). A provision of the Sentencing Reform Act of 1984, "commonly known as the 'compassionate release exception,'" is one such example. 18 U.S.C. § 3582(c)(1)(A)(i); *see also Moody*, 115 F.4th at 310. "[A] compassionate release . . . is an extraordinary and rare event." *United States v. Mangarella*, No. 3:06-CR-151-FDW-DCK-3, 2020 WL 1291835, at *2 (W.D.N.C. Mar. 16, 2020) (quoting *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019)). Under this exception, a court may reduce a sentence if "extraordinary and compelling reasons warrant such a reduction[,]" or "the defendant is at least 70 years of age, has served at least 30 years in prison . . . ," and "a determination has been made . . . that the defendant is not a danger to the safety or any other person or the community." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022). The Court must "first ensure that a movant is part of the 'limited class of prisoners' who are 'eligibl[e]' for such a reduction" before "determining the extent of a reduction based on the [18 U.S.C.] § 3553(a) factors." *Rutherford v. United States*, 608 U.S. 454, 470 (2026) (citing *Dillon v. United States*, 560 U.S. 817, 825, 827 (2010)). A sentence modification under § 3582(c)(1)(A) must be both "consistent with applicable policy statements issued by the Sentencing Commission" and warranted under the § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Crawley*, 140 F.4th 165, 169 (4th Cir. 2025).

For a court to consider a compassionate release motion filed by a defendant,[3] the defendant must first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or show that more than thirty days have passed "from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022). Here, West met this administrative requirement by submitting a request to the warden in spring 2025, which was denied. *See* ECF No. 288 at 3.

Congress has authorized the United States Sentencing Commission "to promulgate policy statements that 'describe what should be considered extraordinary and compelling reasons for sentence reduction[.]'" *Rutherford*, 608 U.S. at 472 (quoting 28 U.S.C. § 994(t)). In 2023, the Sentencing Commission amended the policy statement in U.S.S.G. § 1B1.13 to apply to motions filed by prisoners, clarifying the "contours of 'extraordinary and compelling' reasons" for release in such instances. *Davis*, 99 F.4th at 654, 658; *see also* U.S.S.G. § 1B1.13(b). Section 1B1.13(b) lists six categories of "extraordinary and compelling" circumstances. U.S.S.G. § 1B1.13(b). Section 1B1.13(b)(6) is the most relevant provision in the instant case and states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

---

[3] In 2018, Congress "broadened" 18 U.S.C. § 3582(c) relief with the enactment of the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194, 18 U.S.C. § 3582(c)(1)(A), which expanded access to compassionate release by allowing prisoners themselves to file such motions, rather than just the Bureau of Prisons on behalf of inmates. *See United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023).

Still, courts "are not bound to follow the Commission's guidance when it 'exceed[s its] statutory authority' by adopting a definition of a term that is inconsistent with the statute." *Rutherford*, 608 U.S. at 473 (citation omitted). The Supreme Court recently stated that "extraordinary and compelling reasons" for compassionate release within the meaning of § 3582(c)(1)(A)(i) "are not empty vessels[,]" *Fernandez v. United States*, 608 U.S. 411, 423 (2026), but rather are reasons "that are especially unusual and convincing[,]" *Rutherford*, 608 U.S. at 465. This statutory requirement sets "a demanding standard." *Fernandez*, 608 U.S. at 422–23.

## III. DISCUSSION

West argues principally that the 480-month prison sentence he received for Count Two was unusually long when compared with the sentence he would receive today due to the change in the law resulting from *Apprendi*. ECF No. 288-1; ECF No. 295 at 5–6. As noted in Part I *supra*, the Supreme Court in *Apprendi* held that due process requires any fact that increases the statutory maximum penalty (except "the fact of a prior conviction") to be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490; *see also United States v. Ward*, 770 F.3d 1090, 1096 (4th Cir. 2014). Under *Apprendi*, West argues, he would not be sentenced to any greater than the statutory maximum sentence of twenty years, *see* 21 U.S.C. § 841(b)(1)(C), because, in his case, no "drug quantity finding [was] submitted to, or made by, the jury." ECF No. 295 at 5–6; ECF No. 288-1.

The Government argues there is no extraordinary or compelling reason for a sentence reduction. ECF No. 304 at 8–9. It emphasizes that "a sentencing disparity created by Congress's non-retroactive amendment of a statute, whether considered by itself or in combination with other factors, is not an 'extraordinary and compelling' basis for compassionate release." ECF No. 304 at 5 (citing *Rutherford*, 608 U.S. at 465). The Government also highlights "the Supreme Court [has]

held that challenges to the validity of a conviction do not qualify as 'extraordinary and compelling' bases for compassionate release[.]" ECF No. 304 at 8 (citing *Fernandez*, 608 U.S. 411).

The Court finds that West's *Apprendi* argument does not provide an "extraordinary and compelling" reason for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Supreme Court recently held in *Rutherford* that a sentencing disparity created by nonretroactive statutory amendment cannot serve as an "extraordinary and compelling" reason to justify a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). 608 U.S. at 458. "Insofar as the Commission's amended policy statement maintains otherwise, it conflicts with the statute." *Id.* at 465. On the same date, in *Fernandez*, the Supreme Court held that a challenge to a valid conviction does not constitute an extraordinary and compelling circumstance for sentence reduction purposes, 608 U.S. at 423, and "a compassionate release motion is not a vehicle for raising such a claim[,]" *id.* at 430. Claims challenging the validity of a conviction are "'close to the core of habeas corpus'" and, therefore, must be brought under the applicable habeas corpus statute. *Id.* at 420, 430 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). The Court observed that 28 U.S.C. § 2255 governs collateral attacks on federal convictions and "imposes tight procedural constraints[]" that cannot be circumvented through a motion for compassionate release under 18 U.S.C. § 3582. *Id.* at 419, 421. Further, unlike § 2255 and other habeas corpus statutes, the focus of compassionate release under § 3582(c)(1)(A) is "granting mercy rather than righting legal wrongs." *Id.* at 424. The Court emphasized that the requirement of "extraordinary and compelling reasons" sufficient to justify compassionate release "is a demanding standard." *Id.* at 422–23; *see also Rutherford*, 608 U.S. at 465 (characterizing "extraordinary and compelling reasons" for compassionate release as "those that are especially unusual and convincing"). "A reason is not 'compelling[,]'" the Court stated, "if Congress has channeled it through the postconviction statutes[,]" like § 2255. *Id.* at 424.

Moreover, "the heartland of compassionate release . . . has long been defined by a prisoner's personal circumstances." *Rutherford*, 608 U.S. at 466. "The heartland 'extraordinary and compelling reasons' that might warrant an early release from prison . . . bear no resemblance to the grounds for relief under § 2255." *Fernandez*, 608 U.S. at 426–27. Ultimately, those convicted of federal crimes "cannot deploy § 3582 to blunt what [they] perceive[] to be the sharp edges of § 2255." *Id.* at 427.

Similarly, in *Ferguson*, the Fourth Circuit held that 28 U.S.C. § 2255 "is the exclusive method of collaterally attacking a federal conviction or sentence," and "a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements." 55 F.4th at 270. To ensure the effectiveness of these requirements, "courts must not allow prisoners to circumvent them by attaching labels other than 'successive application' to their pleadings." *Id.* (quoting *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003), *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392 (4th Cir. 2015)). Regardless how a petitioner labels or describes his request for relief, if his motion in substance "attacks his conviction and/or sentence, his filing is subject to the rules set forth in § 2255." *Id.*

This Court finds that *Rutherford*, *Fernandez*, and *Ferguson* foreclose the *Apprendi* challenge made in West's Motion for Compassionate Release. Although West has cast his motion for a sentence reduction as one for compassionate release under 18 U.S.C. § 3582(c)(1), in substance, it is a challenge to the legality of the 480-month sentence he received on Count Two under *Apprendi*. A challenge to the legality of a prison sentence under *Apprendi* is "close to the core of habeas corpus," *Fernandez*, 608 U.S. at 430 (citation omitted), and therefore "the sort of contention usually raised by motion under 28 U.S.C. § 2255[,]" *United States v. Wilson*, 12 F. App'x 184, 185 (4th Cir. 2001) (quoting *United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001)).

In fact, West previously sought relief under *Apprendi* in his § 2255 motion. *See* ECF No. 170. That challenge ultimately failed because the rule in *Apprendi* is nonretroactive. *See West*, 123 F. Supp. 2d at 846–47; *Sanders*, 247 F.3d at 146. Still, "a compassionate release motion is not a vehicle for raising such a claim." *Fernandez*, 608 U.S. at 430; *see also Wilson*, 12 F. App'x at 185; *Smith*, 241 F.3d at 548. Allowing West to revive his *Apprendi* claim "outside the rigorous habeas framework[]" would impermissibly circumvent "the exacting requirements of § 2255." *Fernandez*, 608 U.S. at 421; *see also Ferguson*, 55 F.4th at 270. Moreover, West's *Apprendi* claim has little to nothing to do with his "personal circumstances[]" and therefore falls outside "the heartland of compassionate release[.]" *Rutherford*, 608 U.S. at 466. There is nothing extraordinary or compelling—nothing "especially unusual and convincing," *Rutherford*, 608 U.S. at 465—about the fact that West received a sentence on Count Two that, today, would be invalid under *Apprendi*.[4] Insofar as U.S.S.G. § 1B1.13(b)(6) permits consideration of the *Apprendi* rule as "a change in the law" in deciding "whether the defendant presents an extraordinary and compelling reason[]" for a sentence reduction under § 3582(c)(1)(A)(i), it is at odds with the statute's "demanding standard." *Fernandez*, 608 U.S. at 422–23; *see also Rutherford*, 608 U.S. at 465; *United States v. Degout*, No. 3:94-CR-00008, 2026 WL 3094506, at *2 (W.D. Va. Oct. 16, 2026) ("[A]fter *Fernandez* and *Rutherford*, the validity of § 1B1.13(b)(6) as applied to nonretroactive changes in law is in a state of serious uncertainty.").

In the five months that have passed since the *Rutherford* and *Fernandez* decisions, several other courts have rejected compassionate release motions based on alleged sentencing disparities

[4] This sentence was imposed to run concurrently with the 120-month sentence imposed on Count One and the 240-month sentences imposed for Counts Three and Four. As noted in Part I *supra*, even if the Court had imposed a sentence at or below the 240-month statutory maximum prescribed by 21 U.S.C. § 841(b)(1)(C), consistently with *Apprendi*, the Court could have imposed the same total 480-month sentence by running this sentence consecutively with sentences imposed for the other counts.

due to the development of the *Apprendi* rule. *See United States v. Amador*, No. 25-40751, 2026 WL 2866416, at *1 (5th Cir. Sep. 23, 2026) (rejecting argument that the district court erred in denying a compassionate release motion based on *Apprendi* challenge, citing *Rutherford* and *Fernandez* as dispositive); *Degout*, 2026 WL 3094506 at *2 (denying a compassionate release movement despite movant's argument "that, if sentenced today, he would have received a lesser sentence on [certain counts] due to the emergence of the *Apprendi* doctrine"); *United States v. Prevatte*, No. 2:92 CR 42, 2026 WL 2634864, at *2 (N.D. Ind. Sep. 8, 2026) (rejecting argument that movant "is serving an unusually long sentence within the meaning of U.S.S.G. § 1B1.13(b)(6), and that intervening changes in the law, including . . . *Apprendi* [], have created a gross disparity between the sentence he is serving and the sentence he would likely receive today" as a challenge to the validity of his sentence, not "the kind of personal circumstance . . . that Section 3582(c)(1)(A) is designed to address").[5]

West also argues that his sentence is unusually long in comparison to defendants with similar criminal history sentenced today. While it is true that West may have received a longer sentence than that typically imposed today upon persons convicted of similar offenses with a similar criminal record,[6] this disparity alone does not constitute an extraordinary and compelling

[5] Even prior to the Supreme Court's rulings in *Fernandez* and *Rutherford*, some courts found that *Apprendi* violations were not extraordinary and compelling reasons for relief. *See United States v. West*, 70 F.4th 341, 346–47 (6th Cir. 2023) (holding that *Apprendi* violations do not constitute extraordinary or compelling reasons for sentence reduction because sentencing errors cannot be addressed through compassionate release); *United States v. Logan*, 532 F. Supp. 3d 725, 738 (D. Minn. 2021) (holding an *Apprendi* violation concerns a procedural error that "would not necessarily have resulted in a shorter guidelines range").

[6] Between Fiscal Year 2016 and Fiscal Year 2025, among those sentenced for trafficking cocaine who have a criminal history category of VI and Career Offender status, only 1.7% of offenders received a sentence that was between 30 years and a life sentence. *See* U.S. Sent'g Comm'n, Interactive Data Analyzer, 2016-2025 Sentencing Outcomes, https://ida.ussc.gov/analytics/saw.dll?Dashboard [https://perma.cc/DEB4-82ZT] (choose "sentencing outcomes" from the top navigation bar; then choose "sentence length" from the navigation bar that appears immediately below; then choose "2025" "2024" "2023" "2022" "2021" "2020" "2019" "2018" "2017" "2016" from "Fiscal Year" dropdown; then choose

reason for a sentence reduction without a relevant change in the law. *See United States v. Ferrell*, Case No. 4:00-cr-20-CDL-AGH, 2025 WL 1136131, at *2 (M.D. Ga. Feb. 12, 2025) (stating that a change in law is required for a court to find a defendant received an "unusually long sentence"); *United States v. Roland*, Crim. No. 17-488-RMB-2, 2026 WL 1959346, at *3 (D.N.J. July 7, 2026) (citing *United States v. Castelluzo*, No. 13-00560, 2025 WL 216997, at *4 (D.N.J July 31, 2025) (stating "a sentencing disparity alone is not an extraordinary and compelling reason to reduce a sentence"). And, as explained *supra*, *Rutherford*, *Fernandez*, and *Ferguson* foreclose using the *Apprendi* doctrine as a change in the law that would support a finding of extraordinary and compelling reasons for a sentence reduction.

Next, West argues that his sentence is unusually long as compared to that of his co-defendant Troy West-Bey, but West and West-Bey are not similarly situated. Unlike West, West-Bey entered a plea agreement with the Government and pleaded guilty to a single count of conspiracy to distribute cocaine on October 7, 1997, before trial. West-Bey ultimately received a sentence of 140 months of imprisonment for that single count. *See* ECF No. 154. West, on the other hand, did not accept responsibility by pleading guilty and was convicted of several additional offenses, including conspiracy to commit murder in aid of racketeering activity. West fails to show that the disparity between his sentence and that of West-Bey was unjustified.

The Court notes that the Sentencing Guidelines allow for compassionate release if "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are

---

"drug trafficking" in the "crime type" dropdown; then choose "Powder Cocaine" and "Crack Cocaine" in the "Drug Type" dropdown; then choose "VI" in the "Category" dropdown of the "Criminal History" section; then choose "Career Offender Only" from the "Career Offender Status" dropdown of the "Criminal History" section).

similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). This provision "does not encompass consideration of whether [the defendant's] sentence was 'unusually long' as defined in USSG § 1B1.13(b)(6)." *United States v. Corish*, No. 25-1554, 2026 WL 800768, at *1 n.9 (3d Cir. Mar. 23, 2026); *see also United States v. Allen*, 2:16-CR-00007-DCLC-CRW, 2024 WL 5098216, at *3 (E.D. Tenn. Dec. 12, 2024) ("The Court cannot consider [the defendant's] length of sentence under U.S.S.G. § 1B1.13(b)(5) because the Guidelines specifically exclude that consideration from the catchall provision."). And West fails to identify any other circumstance, or combination of circumstances, that create an extraordinary or compelling reason for a sentence reduction.

West argues that his rehabilitation and positive disciplinary record while in custody make him eligible for relief, ECF No. 295, and presents to the Court evidence of his post-offense rehabilitation, ECF No. 295 (Ex. 3); ECF No. 295 (Ex. 4). The Court commends West's steps toward rehabilitation. But "[t]o the extent [he] argues that his post-conviction rehabilitation alone represents an extraordinary and compelling reason to reduce his sentence, the law is clear that 'rehabilitation alone cannot justify compassionate release.'" *United States v. Jenifer*, Crim. No. RDB-14-411, 2022 WL 619930, at *3 (D. Md. Mar. 2, 2022) (quoting *United States v. Holness*, Crim. No. ELH-09-611, 2022 WL 169700 at *14 (D. Md. Jan. 14, 2022)).

Finally, West's post-release plans do not constitute an extraordinary or compelling reason for a sentence reduction. "A sound post release plan," as encouraging as it is, does not "justify an early release based upon extraordinary and compelling reasons." *United States v. Garcia*, No. 5:09-CR-00025-KDB-DCK-1, 2023 WL 3296164, at *5 (W.D.N.C. May 5, 2023), *aff'd*, No. 23-6490, 2023 WL 8946772 (4th Cir. Dec. 28, 2023).

West has not identified an extraordinary and compelling reason for the sentence reduction he seeks. He is therefore ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Because West is not "part of the 'limited class of prisoners' who are 'eligibl[e]' for such a reduction," the Court cannot proceed to a re-assessment of his total sentence under the 18 U.S.C. § 3553(a) factors. *Rutherford*, 608 U.S. at 470. Accordingly, the Court denies his Motion for Compassionate Release.

## IV. CONCLUSION

For the foregoing reasons, West's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A) is DENIED. Because West obtained counsel while his motion was being briefed, and counsel supplemented the motion, West's previous motions for appointment of counsel are DENIED as moot.

A separate Order will follow.

November 16, 2026
Date

/S/
Matthew J. Maddox
United States District Judge